UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
YESSUH SUHYES HUSSEY,

                Plaintiff,

    -against-

SECRETARY OF STATE ROBERT J.
RODRIGUEZ,

                Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CV-2776 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

    Plaintiff Yessuh Suhyes Hussey, a serial filer, filed this *pro se* action on April 10, 2023, pursuant to 42 U.S.C. § 1983.[1] On April 25, 2023, Plaintiff filed an amended complaint. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the Amended Complaint is dismissed.

## BACKGROUND

    Plaintiff brings this action alleging that on December 21, 2020, he was "wrongfully removed from the R train," and given a ticket for allegedly walking through an emergency door. (Amend. Compl., Dkt. 5, at 5.) Plaintiff states that he has named New York Secretary of State Robert J. Rodriguez as the defendant because "claims pertaining to the New York City Transit Authority must be served to & against the Secretary of State . . . ." *Id*. at 4. Plaintiff seeks injunctive relief. *Id*. at 5.

---

[1] Plaintiff has filed 60 cases in recent months, including 43 cases on the same day.

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

A district court shall dismiss an *in forma pauperis* action where it is satisfied the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

Plaintiff's claim brought pursuant to 42 U.S.C. § 1983, fails to state a claim upon which relief may be granted.  Section 1983 provides, in relevant part, that: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Cornejo v. Bell*,

592 F.3d 121, 127 (2d Cir. 2010).  To state a claim under § 1983, a plaintiff must allege two essential elements: "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'"  *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

To the extent that Plaintiff seeks to hold the "New York City Transit Authority," or the Metropolitan Transit Authority ("MTA"), liable for being "wrongfully removed" from an MTA subway and being ticketed, his claim fails.  To allege a claim for relief under Section 1983 against a municipal defendant such as the MTA, a plaintiff must allege that a policy, custom, or practice caused the deprivation of the plaintiff's constitutional rights.  *See Rosati v. Long Island R.R.,* No. 21-CIV-8594 (LGS), 2022 WL 3597761, at *2 (S.D.N.Y. Aug. 23, 2022); *see Rodriguez v. City of New York*, No. 21-CV-1649 (AMD) (RLM), 2022 WL 768159, at *19–20 (E.D.N.Y. Mar. 14, 2022) (dismissing *Monell* claims against MTA and Long Island Railroad).  Here, Plaintiff fails to allege any facts to support an inference that an official policy or custom of the MTA caused a violation of any federally protected right.  *See* 28 U.S.C. § 1915(e)(2)(B).

Additionally, to the extent Plaintiff seeks to bring a claim against Defendant Rodriguez, he fails to allege any factual allegations against him.  "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation."  *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013).  To establish personal involvement, a plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).  Plaintiff fails to plead any facts to show that Defendant Rodriguez had any personal involvement in any of the alleged violations asserted in his complaint.  *See, e.g.,*

*Rodriguez v. Winski*, 973 F. Supp. 2d 411, 426 (S.D.N.Y. 2013) (dismissing claims against former Commissioner of the MTA for lack of personal involvement). Accordingly, Plaintiff's claim against Defendant Rodriguez is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## DENIAL OF LEAVE TO AMEND

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon*, 720 F.3d at 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once. . . ."); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-CV-1943, 2022 WL 4241355, *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court concludes that granting Plaintiff further leave to amend would be futile and declines to do so.

## FILING INJUNCTION WARNING

The federal courts have limited resources. Frequent frivolous filings work to diminish the ability of the courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted). As previously noted, Plaintiff has filed 60 complaints in recent months, including 43 complaints on the same day.

Plaintiff is therefore warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future

filings seeking *in forma pauperis* status without leave of the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## CONCLUSION

Accordingly, Plaintiff's Amended Complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Memorandum and Order to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/Pamela K. Chen*
PAMELA K. CHEN
United States District Judge

Dated: June 12, 2023
      Brooklyn, New York

5